IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTONIO FITZGERALD JONES, #279 406, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:19-cv-355-WHA-JTA (WO) |
| WALTER MYERS, et al., | ) ) | |
| Defendants. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Antonio Jones filed this 42 U.S.C. § 1983 action, proceeding *pro se*, on May 20, 2019. On June 18, 2019, the Court entered an Order of Procedure (Doc. No. 6). The Order directed Defendant to file an Answer and Written Report and also directed Plaintiff that he must immediately inform the Court of any new address and that failure to do so within ten (10) days following any change of address would result in the dismissal of this action. (*See id*.) The docket reflects that Plaintiff received the February 21, 2020, Order.

The Court recently determined that Plaintiff is no longer at the most recent service address of record.[1] (*See* Doc. No. 28.) Accordingly, the undersigned entered an Order on February 1, 2022, requiring that by February 14, 2022, Plaintiff file with the Court a current

---

[1] The service address on record for Plaintiff is the Ventress Correctional Facility. A search of the inmate database maintained by the Alabama Department of Corrections reflects Plaintiff is no longer housed at this facility. *See* http://doc.state.al.us/InmateSearch (last visited March 2, 2022).

address or show cause why this case should not be dismissed for his failures to comply with the orders of the Court and to adequately prosecute this action. (Doc. No. 36.) This Order specifically informed Plaintiff the administration of this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. *Id*. To date, Plaintiff has not filed a response to the February 1, 2022 Order or otherwise complied with the orders of the Court.

Because of Plaintiff's failure to comply with the orders of the Court, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that **by March 22, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal

2

conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 7th day of March, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE